# United States Court of Appeals
# for the Fifth Circuit

United States Courts
Southern District of Texas
FILED
*January 06, 2022*
Nathan Ochsner, Clerk of Court

United States Court of Appeals
Fifth Circuit
**FILED**
December 15, 2021
Lyle W. Cayce
Clerk

No. 20-20622

KEPING XIE,

*Plaintiff—Appellant,*

*versus*

UNIVERSITY OF TEXAS M.D. ANDERSON CANCER CENTER; UNIVERSITY OF TEXAS AT HOUSTON POLICE DEPARTMENT; CHARLES G. DUNN; VICKI KING; RICHARD GONZALEZ; STEVE HAYDON,

*Defendants—Appellees.*

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-05014

Before OWEN, *Chief Judge*, CLEMENT, and DUNCAN, *Circuit Judges*.
PER CURIAM:[*]

Keping Xie sued his former employer, University of Texas M.D. Anderson Cancer Center ("MDA"), the University of Texas at Houston Police Department ("UTPD"), and several individuals alleging violations of

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20622

the federal Constitution and Texas law. Xie failed to object to a magistrate judge's report recommending dismissal of his claims. Adopting the report, the district court dismissed Xie's claims with prejudice. We affirm.

## I.

Xie worked as a professor and researcher at MDA for several years. In January 2018, MDA found data suggesting Xie had digitally altered a restaurant receipt to receive extra reimbursement. On this basis, UTPD Officer Richard Gonzalez obtained a warrant to search Xie's home, office, and vehicle for evidence of tampering with a government record. On its face, the warrant states it was issued at 1:04 a.m. on January 26, 2018. The parties now agree this was a typographical error and the warrant was actually issued on that day at 1:04 p.m.

Xie alleges UTPD Officer Charles Dunn was at his home "[t]hroughout the day" on January 26. According to Xie, Dunn falsely claimed to be an FBI agent and used threats and force to enter Xie's home. Later that day, Dunn and others returned to execute the search warrant, seizing 88 data drives. MDA placed Xie on leave, and he later joined the faculty at the University of Arizona College of Medicine ("UACM").

While searching Xie's drives for evidence of record tampering, UTPD officers discovered suspected child pornography. On June 18, 2018, UTPD obtained a second warrant to search Xie's devices for evidence of child pornography. Xie was subsequently arrested for possession of child pornography, resulting in UACM terminating Xie's employment. But when a Harris County grand jury subsequently declined to indict Xie, the case against him was dismissed.

No. 20-20622

Xie then sued MDA, UTPD, Dunn, Gonzalez, Steve Haydon, and Vicki King[1] (collectively, "Defendants"), alleging violations of the federal Constitution and Texas law. The magistrate judge's report recommended granting Defendants' motion to dismiss Xie's claims. Xie did not file an objection. The district court adopted the magistrate's recommendation and dismissed Xie's complaint with prejudice. Xie timely appealed.

## II.

We normally review the grant of a motion to dismiss *de novo*. *Masel v. Villarreal*, 924 F.3d 734, 742–43 (5th Cir. 2019). But when a party fails to timely object to a magistrate judge's report and recommendation, we review only for plain error. *See* 28 U.S.C. § 636(b)(1)(C); *see also Longoria Next Friend of M.L. v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 270 (5th Cir. 2019). Accordingly, we will reverse only when "there is (1) an error; (2) that is clear or plain; (3) that affects the defendant's substantial rights; and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Vasquez*, 216 F.3d 456, 459 (5th Cir. 2000).

Dismissal is warranted under Federal Rule of Procedure 12(b)(6) where a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint will not survive dismissal if it offers only speculative, conclusory, or formulaic allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–82 (2009) (citations omitted).

---

[1] Steve Haydon is the former Senior Vice President of Regulatory Affairs and General Counsel of MDA. Xie claims Haydon "is the person believed to be involved in overseeing and making decisions about Xie's grants . . . ." Vicki King is a UTPD officer. As the magistrate judge explained, King was "grouped . . . with . . . other individual defendants throughout the complaint but [Xie] failed to allege a single specific action that she took."

No. 20-20622

## III.

Xie properly appeals only the district court's dismissal of his Fourth Amendment and due process claims.[2] He also appeals the magistrate judge's decision not to consider certain of his exhibits and not to grant him leave to amend his complaint. We address each issue in turn.

### A.

To show a Fourth Amendment violation, Xie alleges: (i) Dunn entered his home without consent and obtained information on which the first search warrant was based, (ii) the second search warrant was based on Gonzalez's false statement that Dunn's initial entry was consensual, and (iii) Xie was arrested for possessing child pornography without probable cause.

#### i.

Xie argues the magistrate judge plainly erred in dismissing his Fourth Amendment claim against Dunn because the dismissal turned on the mistaken premise that the first search warrant issued at 1:04 a.m.[3] As Defendants concede, the warrant actually issued at 1:04 p.m. We disagree with Xie that this discrepancy shows plain error.

---

[2] Xie mentions in passing his claims that he was subject to malicious prosecution and that Defendants conspired to violate his rights. But he has waived those claims by failing to brief them. *See Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185, 190 (5th Cir. 2007) ("Where analysis is so deficient, this court has considered the issue waived for inadequate briefing."). Additionally, Xie does not appeal dismissal of his claims for takings under the Fifth Amendment and Texas law, negligence, violation of the equal protection clause, and violation of the due process clause caused by seizure of his personal property.

[3] Xie also argues that the facts in the affidavit supporting that warrant are "contradictory and deceptive." But he does not identify any such contradictions and so fails to show plain error on that ground. Xie also argues that if the receipt had been altered before he submitted it to MDA, it would not qualify as a government document under Texas Penal Code article 37.10. But Xie did not present this argument to the district court and so has waived it.

No. 20-20622

The magistrate noted the warrant's 1:04 a.m. issuance to underscore that the warrant could not have been informed by Dunn's initial entry, which occurred later in the day. But this was only an alternative basis for the magistrate's decision. Independent of the warrant's timing, the magistrate concluded that "Xie points to no factual support" for his allegation that "Dunn communicated information acquired during the allegedly non-consensual search to Gonzalez for inclusion in the warrant application." The record shows without dispute that this is correct. Gonzalez's affidavit, which was the basis for the warrant, depends on numerous previously-gathered forensic details about Xie's altered receipt and has nothing to do with what Dunn may or may not have seen during his initial entry into Xie's home. Xie has therefore failed to show plain error with respect to the dismissal of his Fourth Amendment claim against Dunn.[4]

### ii.

Xie also argues the magistrate plainly erred in dismissing his challenge to the second warrant (the one seeking evidence of child pornography). He claims that warrant was based on Gonzalez's false representation that Dunn's initial search of Xie's home was consensual. Xie again fails to show plain error.

As the magistrate correctly observed, liability may be imposed with respect to the second warrant only if (1) Gonzalez was aware of any falsity when testifying or he acted with reckless disregard for the truth, and (2) the warrant would lack probable cause without the false statement. *See, e.g.*,

---

[4] To the extent Xie brought a distinct Fourth Amendment claim based only on Dunn's entering Xie's home without consent, the magistrate explained that Xie offered only "conclusory allegations" that Dunn actually searched Xie's home or seized anything while there. The magistrate therefore correctly concluded that those allegations were "insufficient to state a [Fourth Amendment] claim [against] Dunn." Xie has failed to show plain error as to that conclusion.

No. 20-20622

*United States v. Ortega*, 854 F.3d 818, 826 (5th Cir. 2017) (citing *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978)). The magistrate concluded neither prong was met. Xie claims the magistrate plainly erred because Gonzalez's affidavit characterized Dunn's initial search of Xie's residence as consensual.

It is true Gonzalez's affidavit stated that the evidence ostensibly supporting the second warrant "was obtained . . . using both a search warrant and a consent search." But Xie's contention that this shows plain error fails for two reasons. First, setting aside the description of Dunn's search as consensual, the affidavit contains ample independent material establishing probable cause. It details Gonzalez's training and experience identifying evidence of child sexual abuse and, as the magistrate recounted, "describ[es] five images found on Xie's digital media devices that were confirmed by NCMEC to include child pornography." Second, Xie fails to plausibly allege that Gonzalez either knew Dunn's search lacked consent or that Gonzalez acted with reckless disregard for the truth.

Xie therefore fails to show plain error as to the second warrant.

### iii.

Finally, Xie's claim that the magistrate plainly erred in dismissing his false arrest claim is similarly unavailing. A plaintiff must show an arrest lacked probable cause to prove false arrest. *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655–56 (5th Cir. 2004). But as already explained, the magistrate found probable cause amply satisfied by the warrant's describing images on Xie's devices confirmed to be child pornography. That a grand jury ultimately declined to indict Xie does not mean his initial arrest lacked probable cause. *See Buehler v. City of Austin/Austin Police Dept.*, 824 F.3d 548, 554 n.5 (5th Cir. 2016) ("The constitution does not guarantee that only the guilty will be arrested.") (citation omitted). We find no plain error in the dismissal of Xie's false arrest claim.

**B.**

Xie also appeals the dismissal of his due process claim. He alleges he suffered a property deprivation when MDA placed him on leave and refused to transfer his National Institute of Health ("NIH") grants to UACM. A property deprivation demands a cognizable interest in the property in question. Property interests may arise from sources like contract or state law, *Maurer v. Indep. Town*, 870 F.3d 380, 385 (5th Cir. 2017), or from "rules or understandings" creating entitlement to property or benefits. *Edionwe v. Bailey*, 860 F.3d 287, 292 (5th Cir. 2017) (quoting *Paul v. Davis*, 424 U.S. 693, 709 (1976)). A legitimate property interest thus requires a person to have "more than an abstract need or desire for it . . . more than a unilateral expectation of it." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972).

Xie argues he has a property interest in MDA's NIH grants. He offers no support for this contention. The NIH typically awards grants to institutions, not individuals. And only those who have a "legitimate claim of entitlement to it" can claim a valid property interest. *Roth*, 408 U.S. at 577. As a result, other circuits have rejected arguments that faculty have a property interest in research grants. *See Lewis v. Wash. State Univ.*, 586 F. App'x 271, 271 (9th Cir. 2014); *Kalderon v. Finkelstein*, 495 F. App'x 103, 107 (2d Cir. 2012). Here, Xie does not identify any source of individual entitlement to the NIH grants, outside his role as a principal investigator formerly affiliated with an institution. We find no plain error in the dismissal of Xie's due process claim based on his purported property interest in the NIH grants.

**C.**

Finally, Xie argues the magistrate judge made two procedural errors. First, he claims the judge erred by failing to consider seventeen additional

No. 20-20622

exhibits Xie submitted in opposition to the motion to dismiss. Courts are typically confined to the pleadings when ruling on a Rule 12(b)(6) motion, but they may consider other documents attached to the complaint or the motion "that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). A magistrate has "complete discretion" whether to consider such additional documents. *Isquith v. Middle S. Util., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988) (citation omitted); *see also* 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 (3d ed. 2004). Here, the magistrate judge considered only those documents outside the pleadings that both sides agreed were central to Xie's claim. Xie has failed to show that the magistrate plainly erred in exercising his discretion not to consider Xie's additional documents.

Second, Xie argues the magistrate plainly erred by not giving him another chance to amend his complaint. But Xie did not even request leave to amend after he submitted his first amended complaint. He contends only that the magistrate's failure to *sua sponte* prompt him to amend his already-amended complaint amounts to plain error. This argument is meritless. Xie cites no authority for the proposition that a magistrate judge errs, much less plainly errs, by not offering to rescue a represented plaintiff from his own repeated pleading deficiencies.

AFFIRMED.